IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**WRONGFUL DEATH ESTATE
OF MIGUEL GONZÁLEZ,
by and through Wrongful Death
Estate Personal Representative
Joanna Rodríguez,**

**JOANNA RODRIGUEZ, on her
own behalf and as
Mother and Next Friend of
ME Gonzalez, a minor child,
DJ Gonzalez, a minor child,
and AX Gonzalez, a minor child,**

Plaintiffs,

**vs.**                                                                          **CIV 18-00125 KG/LF**

**BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BERNALILLO, NEW
MEXICO, MANUEL GONZALES, III, Sheriff
of Bernalillo County, CHARLES COGGINS, a Deputy
Sheriff of the Bernalillo County Sheriff's
Department, and JOHN DOES 1 through
7, Deputy Sheriffs (Deputy Sheriffs) of the Bernalillo
County Sheriff's Department, Individually
and in their Official Capacities,**

Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT
FOR CIVIL RIGHTS VIOLATIONS RESULTING IN
<u>DEATH (EXCESSIVE USE OF FORCE) AND FOR LOSS OF CONSORTIUM</u>**

Defendants, Board of County Commissioners of the County of Bernalillo, Sheriff Manuel

Gonzales, III, Deputy Charles Coggins, through their attorneys Robles, Rael & Anaya, P.C. (Luis

Robles and Nicholas Autio), state the following for their Answer to First Amended Complaint for

Civil Rights Violations Resulting in Death (Excessive Use of Force) and for Loss of Consortium:

## JURISDICTION AND VENUE

1.      With regard to paragraph 1 of the Estate's First Amended Complaint for Civil Rights

Violations Resulting in Death (Excessive Use of Force) and for Loss of Consortium ("the Estate's

Amended Complaint"), Defendants, Board of County Commissioners of the County of Bernalillo,

Sheriff Manuel Gonzales, III, Deputy Charles Coggins ("County Defendants") admit the allegations

made in paragraph 1.

2.      County Defendants admit the allegations made in paragraph 2 of the Estate's

Amended Complaint.

## PARTIES

3.      County Defendants have neither knowledge nor information sufficient to form a

belief as to the truth of the allegations made in paragraph 3 of the Estate's Amended Complaint and,

therefore, deny these allegations.

4.      County Defendants have neither knowledge nor information sufficient to form a

belief as to the truth of the allegations made in paragraph 4 of the Estate's Amended Complaint and,

therefore, deny these allegations.

5.      County Defendants have neither knowledge nor information sufficient to form a

belief as to the truth of the allegations made in paragraph 5 of the Estate's Amended Complaint and,

therefore, deny these allegations

6.      County Defendants admit the allegation in paragraph 6 of the Estate's Amended

Complaint.

7.     County Defendants admit the allegation in paragraph 7 of the Estate's Amended Complaint.

8.     County Defendants admit the allegation in paragraph 8 of the Estate's Amended Complaint.

9.     With regard to the allegations made in paragraph 9 of the Estate's Amended Complaint, County Defendants affirmatively state that Deputy Charles Coggins was and is a Deputy Sheriff with the Bernalillo County Sheriff's Department and employed by Bernalillo County. Additionally, County Defendants admit that Deputy Coggins was acting within the scope of his employment and under color of state law.

10.     With regard to the allegations made in paragraph 10 of the Estate's Amended Complaint, County Defendants affirmatively state that Deputy Charles Coggins was and is a Deputy Sheriff with the Bernalillo County Sheriff's Department and employed by Bernalillo County. Additionally, County Defendants admit that Deputy Coggins was acting within the scope of his employment and under color of state law.

11.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 11 of the Estate's Amended Complaint and, therefore, deny these allegations.

12.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 12 of the Estate's Amended Complaint and, therefore, deny these allegations.

13.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 13 of the Estate's Amended Complaint and, therefore, deny these allegations.

## FACTUAL BACKGROUND

14.     County Defendants deny all of the allegations made in paragraph 14 of the Estate's Amended Complaint.

15.     With regard to paragraph 15 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 15 of the Estate's Amended Complaint.  To the extent that paragraph 15 of the Estate's Amended Complaint alleges facts, County Defendants admit these allegations.

16.     With regard to paragraph 16 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 16 of the Estate's Amended Complaint.  To the extent that paragraph 16 of the Estate's Amended Complaint alleges facts, County Defendants admit these allegations.

17.     With regard to paragraph 17 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 17 of the Estate's Amended Complaint.  To the extent that paragraph 17 of the Estate's Amended Complaint alleges facts, County Defendants admit these allegations.

18.     With regard to paragraph 18 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 18 of the Estate's Amended Complaint.  To the extent that paragraph 18 of the Estate's Amended Complaint alleges facts, County Defendants admit these allegations.

19.     With regard to paragraph 19 of the Estate's Amended Complaint, County Defendants affirmatively state that Deputy Coggins used deadly force against decedent, Miguel Gonzales "on or about July 4, 2017 or the early morning hours of July 5, 2017, at approximately 7412 Desert Morning Road, Albuquerque, NM 87121."  County Defendants admit that Deputy Coggins' use of deadly force caused the death of Miguel Gonzales.  With regard to the remaining allegations made in paragraph 19 of the Estate's Amended Complaint, County Defendants deny these allegations.

20.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 20 of the Estate's Amended Complaint and, therefore, deny these allegations.

21.     With regard to paragraph 21 of the Estate's Amended Complaint, County Defendants deny that "decedent was shot from behind."  County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 21 of the Estate's Amended Complaint and, therefore, deny these allegations.

22.     County Defendants admit the allegations made in paragraph 22 of the Estate's Amended Complaint.

23.     County Defendants deny all of the allegations made in paragraph 23 of the Estate's

Amended Complaint.

24.    County Defendants deny all of the allegations made in paragraph 24 of the Estate's Amended Complaint.

25.    With regard to the allegations made in paragraph 25 of the Estate's Amended Complaint, County Defendants affirmatively state that decedent, Miguel Gonzales, fled from Deputy Coggins, Deputy Coggins pursued decedent, and decedent abandoned his car and fled on foot.

26.    County Defendants admit the allegations made in paragraph 26 of the Estate's Amended Complaint.

27.    County Defendants admit the allegations made in paragraph 27 of the Estate's Amended Complaint.

28.    County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 28 of the Estate's Amended Complaint and, therefore, deny these allegations.

29.    With regard to the allegations made in paragraph 29 of the Estate's Amended Complaint, County Defendants affirmatively state that decedent, Miguel Gonzales, posed an immediate threat of serious bodily harm to Deputy Coggins by pointing a firearm at the deputy. County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 29 of the Estate's Amended Complaint and, therefore, deny these allegations.

30.    County Defendants deny all of the allegations made in paragraph 30 of the Estate's Amended Complaint.

31.     County Defendants deny all of the allegations made in paragraph 31 of the Estate's Amended Complaint.

## COUNTY I: USE OF UNLAWFUL FORCE IN VIOLATION OF FOURTH AMENDMENT

32.     County Defendants realleges all of their previous and subsequent answers to the Estate's Amended Complaint as their answer to paragraph 32 of the Estate's Amended Complaint.

33.     County Defendants deny all of the allegations made in paragraph 33 of the Estate's Amended Complaint.

34.     County Defendants deny all of the allegations made in paragraph 34 of the Estate's Amended Complaint.

35.     County Defendants deny all of the allegations made in paragraph 35 of the Estate's Amended Complaint.

36.     County Defendants deny all of the allegations made in paragraph 36 of the Estate's Amended Complaint.

37.     County Defendants deny all of the allegations made in paragraph 37 of the Estate's Amended Complaint.

## COUNTY II: PUNITIVE DAMAGES

38.     County Defendants realleges all of their previous and subsequent answers to the Estate's Amended Complaint as their answer to paragraph 38 of the Estate's Amended Complaint.

39.     County Defendants deny all of the allegations made in paragraph 39 of the Estate's Amended Complaint.

40.     County Defendants deny all of the allegations made in paragraph 40 of the Estate's Amended Complaint.

41.     County Defendants deny all of the allegations made in paragraph 41 of the Estate's Amended Complaint.

## COUNTY III: LOSS OF CONSORTIUM BASED UPON THE UNJUSTIFIED KILLING OF DECEDENT BY COGGINS

42.     County Defendants realleges all of their previous and subsequent answers to the Estate's Amended Complaint as their answer to paragraph 42 of the Estate's Amended Complaint.

43.     With regard to paragraph 43 of the Estate's Amended Complaint, County Defendants affirmatively state that Federal Rule of Civil Procedure 8(b) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 43 of the Estate's Amended Complaint.   To the extent that paragraph 43 of the Estate's Amended Complaint alleges facts, County Defendants admit these allegations.

44.     County Defendants deny all of the allegations made in paragraph 44 of the Estate's Amended Complaint.

45.     County Defendants deny all of the allegations made in paragraph 45 of the Estate's Amended Complaint.

46.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 46 of the Estate's Amended Complaint and, therefore, deny these allegations.

47.     County Defendants have neither knowledge nor information sufficient to form a

belief as to the truth of the allegations made in paragraph 47 of the Estate's Amended Complaint and, therefore, deny these allegations.

48.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 48 of the Estate's Amended Complaint and, therefore, deny these allegations.

49.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 49 of the Estate's Amended Complaint and, therefore, deny these allegations.

50.     County Defendants deny all of the allegations made in paragraph 50 of the Estate's Amended Complaint.

51.     County Defendants deny all of the allegations made in paragraph 51 of the Estate's Amended Complaint.

52.     County Defendants deny all of the allegations made in paragraph 52 of the Estate's Amended Complaint.

### COUNT IV: LOSS OF CONSORTIUM PREMISED UPON THE NEGLIGENT TRAINING AND SUPERVISION OF COGGINS BY DEFENDANT MANUEL GONZALES III AND THE BERNALILLO COUNTY SHERIFF'S OFFICE

53.     County Defendants realleges all of their previous and subsequent answers to the Estate's Amended Complaint as their answer to paragraph 53 of the Estate's Amended Complaint.

54.     County Defendants deny all of the allegations made in paragraph 54 of the Estate's Amended Complaint.

55.     County Defendants deny all of the allegations made in paragraph 55 of the Estate's

Amended Complaint.

56.     County Defendants deny all of the allegations made in paragraph 56 of the Estate's Amended Complaint.

57.     County Defendants deny all of the allegations made in paragraph 57 of the Estate's Amended Complaint.

58.     County Defendants deny each and every allegation not specifically admitted in his Answer, including any allegations made in the Estate's Prayer for Relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

None of the actions described in the Estate's Amended Complaint constitute a violation of Miguel Gonzales' constitutional or statutory rights by any County employee, including County Defendants.

### Second Affirmative Defense

County Defendants' and every other County employees' actions were objectively reasonable and did not violate the clearly established law, entitling them to qualified immunity.

### Third Affirmative Defense

The Estate's Amended Complaint seeks to impose duties on County Defendants and every other County employees that are not required by law.

### Fourth Affirmative Defense

The Plaintiffs have alleged a cause of action which fails to state a claim for which relief can be granted.

**Fifth Affirmative Defense**

Miguel Gonzales' and the Estate's injuries, if any, were proximately caused by an independent intervening cause for which County Defendants are not liable.

**Sixth Affirmative Defense**

The sole and proximate cause of any damages to the Estate, if any exist, were Miguel Gonzales' own intentional and/or negligent acts, and the Estate's damages, if any, must be reduced proportionately.

**Seventh Affirmative Defense**

County Defendants reserve the right to raise such further and additional defenses or counterclaims as may be available upon facts to be developed in discovery and/or applicable substantive law and to amend this answer.

**JURY DEMAND**

County Defendants demand a trial by jury for all claims which may be tried by a jury.

**WHEREFORE,** County Defendants respectfully request that this Court dismiss the Estate's First Amended Complaint for Civil Rights Violations Resulting in Death (Excessive Use of Force) and for Loss of Consortium, award County Defendants their attorney's fees and costs, and for all other relief this Court deems just and proper.

Respectfully submitted,

ROBLES, RAEL & ANAYA, P.C.


By:      /s/ Luis Robles
         Luis Robles
         Nicholas Autio
         Attorneys for County Defendants
         500 Marquette Ave., NW, Suite 700
         Albuquerque, New Mexico 87102
         (505) 242-2228
         (505) 242-1106 (facsimile)

I hereby certify that on this 16th day of
May, 2018, the foregoing was served
via the CM/ECF system to the following:

Gene N. Chavez
1220 5th Street, NW
Albuquerque, NM 87102
(505) 243-4363 (telephone)
(505) 217-2157 (facsimile)
gene@chavezlawoffices.com

*Attorney for the Estate*

 /s/ Luis Robles
Luis Robles

12