IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WRONGFUL DEATH ESTATE
OF MIGUEL GONZALEZ,
by and through Wrongful Death
Estate Personal Representative
Joanna Rodríguez,

JOANNA RODRIGUEZ, on her
own behalf and as
Mother and Next Friend of
ME Gonzalez, a minor child,
DJ Gonzalez, a minor child,
and AX Gonzalez, a minor child,

    Plaintiffs,

vs.                                                                                                                   CIV 18-00125 KG/LF

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BERNALILLO, NEW
MEXICO, MANUEL GONZALES, III, Sheriff
of Bernalillo County, CHARLES COGGINS, a Deputy
Sheriff of the Bernalillo County Sheriff's
Department, and JOHN DOES 1 through
7, Deputy Sheriffs (Deputy Sheriffs) of the Bernalillo
County Sheriff's Department, Individually
and in their Official Capacities,

    Defendants.

## **ORDER DENYING PLAINTIFF'S FIRST MOTION TO COMPEL**

       THIS MATTER is before the Court on Plaintiff's First Motion to Compel (Interrogatories Nos. 3, 4, and 11 and Request for Production 1). Doc. 36. Having reviewed the motion, the Court finds it is not well-taken and should be denied.

       A party filing a motion for an order compelling discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R.

CIV. P. 37(a)(1). In the motion to compel, Mr. Chavez states that he "identified the deficiencies in Defendant's discovery responses and sent written communication to counsel *concurrently* with the filing of [his] Motion." Doc. 36 at 1. Mr. Chavez's attempts to confer concurrently with the filing his motion do not comply with the requirements of Rule 37, which require the movant to attempt to resolve the dispute *before* filing a motion to compel. A concurrent effort to confer is not a good faith effort to obtain discovery without court action.

In addition, under Local Civil Rule 7.1, a "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a). Mr. Chavez did not speak with opposing counsel prior to filing his motion. Had he done so, he would have been able to discuss the dispute, as required by FED. R. CIV. P. 37(a)(1), and would also have been able to ascertain whether or not the motion was opposed, as required by D.N.M.LR- Civ. 7.1(a).

Mr. Chavez's assertion that he had to file the motion within 21 days in order to comply with Local Civil Rule 26.6 does not excuse his failure to follow the rules. Local Civil Rule 26.6 allows the Court to "*sua sponte* or on motion by a party, change the twenty-one (21) day period." D.N.M.LR-Civ. 26.6. Had Mr. Chavez spoken to opposing counsel, he could have at least attempted to obtain a stipulation for an extension of time. If an extension was not agreed upon, Mr. Chavez could have moved to the Court for an extension of the 21-day deadline.

Because Mr. Chavez failed to follow both the Federal Rules of Civil Procedure, and the Local Rules, the Court finds the motion is not well-taken and it is DENIED.

Because the Court denies Plaintiff's Motion to Compel (Doc. 36), the Court also DENIES AS MOOT plaintiff's Motion To Accept Plaintiff's Motion to Compel as Timely for Good Cause Shown (Doc. 37) and Plaintiff's Motion to Stay Consideration of Her First Motion

to Compel (Interrogatories Nos. 3, 4, and 11 and Request for Production No.1) for Fourteen (14) days to Facilitate Resolution (Doc. 38).

**IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge