IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WRONGFUL DEATH ESTATE
OF MIGUEL GONZÁLEZ,
by and through Wrongful Death
Estate Personal Representative
Joanna Rodríguez,

JOANNA RODRIGUEZ, on her
own behalf and as
Mother and Next Friend of
ME Gonzalez, a minor child,
DJ Gonzalez, a minor child,
and AX Gonzalez, a minor child,

    Plaintiffs,

vs.                                                   1:18-cv-00125-KG-LF

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BERNALILLO, NEW
MEXICO, MANUEL GONZALES, III, Sheriff
of Bernalillo County, CHARLES COGGINS, a Deputy
Sheriff of the Bernalillo County Sheriff's
Department, and JOHN DOES 1 through
7, Deputy Sheriffs (Deputy Sheriffs) of the Bernalillo
County Sheriff's Department, Individually
and in their Official Capacities,

    Defendants.

## ORDER DENYING MOTION TO COMPEL

THIS MATTER comes before the Court on plaintiffs Wrongful Death Estate of Miguel Gonzalez and Joanna Rodriguez's (collectively "plaintiffs") Motion to Compel filed September 11, 2018. Doc. 68. Deputy Charles Coggins filed his response on September 25, 2018. Doc. 70. Plaintiffs filed their reply on October 10, 2018. Doc. 75. Having read the submissions of the parties and being fully advised, the Court finds the motion is not well taken and will DENY it.

I.      **Background Facts**

This case arises from a deputy-involved shooting that occurred on July 4, 2017, which resulted in the death of Miguel Gonzales. This civil action is based on plaintiffs' claim that Deputy Coggins used excessive force against Mr. Gonzales in violation of Mr. Gonzales' Fourth Amendment rights. The parties are currently conducting discovery.

Plaintiffs sent their third set of discovery requests to Deputy Coggins, which consisted of 4 interrogatories and 2 requests for production. Doc. 68-1. Plaintiffs' motion seeks an order compelling Deputy Coggins to fully respond to "the requested discovery requests as listed above," and to pay the attorney's fees and costs associated with bringing the motion. Doc. 68 at 3. The Court will deny plaintiffs' request.

II.     **Plaintiffs' Motion is in Violation of the District of New Mexico Local Rules and the Federal Rules of Civil Procedure.**

Plaintiffs' motion is in violation of D.N.M.LR-Civ. 37.1. Local Rule 37.1 requires that a party seeking relief pursuant to Rule 37(a) "must attach to the motion a copy of (a) the interrogatory, request for production or inspection, relevant portion of deposition transcript, or request for admission; and (b) the response or objection thereto." Although it is not specified in the motion, it appears that plaintiffs are moving to compel responses to Interrogatory Nos. 3 and 4. Doc. 68. Plaintiffs, however, attach to their motion a complete set of their discovery requests as well as a complete set of Deputy Coggins' answers to the interrogatories. Docs. 68-1, 68-2. The Court does not need or want, nor do the Local Civil Rules require, that all discovery requests and responses be filed with the Court. Only the discovery requests at issue should be attached to the motion.

Plaintiffs' motion also is in violation of D.N.M.LR-Civ. 10.6. Local Rule 10.6 requires that

> [t]he portions of an exhibit the party wishes to bring to the Court's attention must be marked, e.g. by brackets, shading, or underlining, in the original, the copy for the Court and the copy for each party. Marking must be apparent on exhibits that are scanned and filed and/or served electronically so that, when printed in hard copy, the reader can clearly see what is marked to read and the text can be easily read.

Plaintiffs submit 4 exhibits with their motion. Docs. 68-1 through 68-4. Although plaintiffs reference exhibits A through C in the body of their motion, none of the exhibits are marked as such. *See id.* Additionally, none of the exhibits are marked with brackets, shading, or underlining to highlight the portions of the exhibit the plaintiffs wish to bring to the Court's attention. This is particularly important because plaintiffs have provided a complete set of discovery requests and have not specifically identified which requests they contend require supplementation by Deputy Coggins. Further, plaintiffs submit the Bernalillo County Sheriff's Department Rules and Regulations (Doc. 68-2 at 8–23) but do not direct the Court to any portion of that exhibit that might be relevant to their motion. The Court will not wade through pages of exhibits trying to guess which portions are pertinent to plaintiffs' argument.

Plaintiffs' motion also is in violation of D.N.M.LR-Civ. 7.3(a). Local Rule 7.3(a) requires a "motion, response or reply must cite authority in support of the legal positions advanced." Plaintiffs' motion and reply do not cite any legal authority in support of the legal positions advanced. Docs. 68 and 75.

Plaintiffs' motion also is in violation of D.N.M.LR-Civ. 7.1(a) and FED. R. CIV. P. 37(a)(1). Local Rule 7.1(a) requires the movant to "determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."

Plaintiffs' motion is void of any recitation that they determined whether the motion was opposed.[1] Rule 37(a)(1) requires that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The duty to confer requires more than setting forth conflicting positions in written correspondence. To confer means more than making a demand for compliance; it means "to hold a conference; compare views; consult together." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003).

The only indication that plaintiffs' counsel made any effort to resolve the discovery dispute was to send a letter demanding supplementation. Doc. 68-4. Plaintiffs' counsel has not shown that he met and conferred with Deputy Coggins' counsel in a good faith effort to resolve these discovery disputes prior to seeking the assistance of the Court. Had a proper meet and confer occurred, plaintiffs could have clarified their interrogatories, and Deputy Coggins could have explained his responses. For example, in their motion, plaintiffs argue that Deputy Coggins "has either received no training regarding the procedures, protocol and operations for the preservation of evidence to crime scenes . . . or Bernalillo County Sheriff's Office has prevented or kept him from ascertaining the individuals that provided him with said training." Doc. 68 at 3. Plaintiffs' interrogatories, however, do not request that Deputy Coggins identify the training *he*

---

[1] In an email, Deputy Coggins' counsel indicated that defendant opposed plaintiffs' proposed motion. Doc. 68-4 at 2. Plaintiffs, however, omit a recitation of a good-faith request for concurrence and do not submit any evidence that a good-faith request for concurrence in the motion was made. As indicated above, there is a difference between the meet and confer requirement of FED. R. CIV. P. 37 and the request for concurrence to a motion in D.N.M.LR-Civ. 7.1.

4

*received*. *See* Doc. 68-1 at 6–8.² In his response, Deputy Coggins explains that he does not have the information requested and cannot access the information. Doc. 70 at 7. Had the parties met and conferred as required by the rules, the parties possibly could have resolved this discovery dispute prior to seeking the assistance of the Court. Plaintiffs have failed to comply with both the letter and the spirit of the Local and Federal Rules.

The failure of plaintiffs' counsel to comply with the Local and Federal Rules justifies the denial of plaintiffs' motion. Nevertheless, in spite of plaintiffs' violations of the rules, the Court will address plaintiffs' motion on the merits.

### III.     Plaintiffs Motion Fails on the Merits

Plaintiffs appear to seek to compel responses to Interrogatory Nos. 3 and 4. Interrogatory No. 3 asks Deputy Coggins to list all individuals who provided training on preserving crime scenes, and Interrogatory No. 4 asks him to list everyone responsible for securing the crime scene at issue in this case. Doc. 68-1 at 7−8. In response to those interrogatories, Deputy Coggins answered that he did not know the identity of the individuals sought. Doc. 68-2 at 4–5. As Deputy Coggins explains in his response:

> In answering interrogatories, a "lack of knowledge or the ability to recollect, if true, is a fair answer." *Weaver v. Mateer & Harbert, P.A.*, 277 F.R.D. 655, 685 (M.D. Fla. 2011). If a defendant has "no knowledge of the facts sought, all that is required is that [he] so state." *Carter v. Atlanta Enterprises, Inc.*, 19 F.R.D. 362, 364 (N.D. Ga. 1956). A party "cannot plead ignorance to information

---

² Interrogatory No. 2 asks Deputy Coggins to "list, in detail, all procedures, operations, protocols and/or requirements for preserving crime scenes, specifically crime scenes involving law enforcement personnel shootings involving death." Doc. 68-2 at 3. Interrogatory No. 3 asks Deputy Coggins to "list each and every individual that provided training, manuals, instruction and/or guidance on the procedures, protocol and operations as listed" in the previous interrogatory. Doc. 68-1 at 7. Interrogatory No. 3 is not limited to the individuals who provided training to Deputy Coggins; it asks for each and every individual who ever provided training to anyone.

5

> that is from sources within his control." *Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628, 632-33 (E.D. Pa. 1977) (emphasis added). "Control is defined as having the legal right or ability to obtain the information from another source upon demand, or may be established by the existence of a principal-agent relationship." *Tyler v. Suffolk Cty.*, 256 F.R.D. 34, 37 (D. Mass. 2009). "Therefore, a sworn answer indicating a lack of knowledge and no means of obtaining knowledge is not objectionable" and necessary. *Milner*, 73 F.R.D. at 633.

Doc. 70 at 6. Courts in the Tenth Circuit are in accord with those cited by Deputy Coggins. *See Pilling v. Gen. Motors Corp.*, 45 F.R.D. 366, 369 (D. Utah 1968) ("If the respondent is unable to answer for lack of information or for other reason he should indicate the reasons rather than ignore the inquiry in whole or in part . . . ."); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 311 (D. Kan. 1996) (defendant was not required to further respond to interrogatories where the responses indicated that it lacked sufficient information to answer); *Cont'l Illinois Nat. Bank & Tr. Co. of Chicago v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991) ("If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information." ).

Deputy Coggins explains in his response that he does not know the information sought and is unable to obtain it because of the ongoing civil and criminal investigations and Bernalillo County Sheriff's Office rules and regulations. Doc. 70 at 7. Accordingly, Deputy Coggins' responses are sufficient under the circumstances, and the Court will not require him to respond further. Deputy Coggins also explains in his response that Sheriff Gonzales is the party who has access to the information plaintiffs seek, and that plaintiffs have in fact sought the information from Sheriff Gonzales. Doc. 70 at 5, 9.

Plaintiffs, on the other hand, do not cite any legal authority to support their position that Deputy Coggins is required to provide answers to questions that he does not know the answer to, or to provide information over which he has no access or control. The Court therefore will deny plaintiffs' motion to compel further responses.

## IV. Conclusion

For the foregoing reasons, I find that Deputy Coggins' responses are sufficient. I also find that plaintiffs failed to confer in good faith prior to filing the motion, and that the motion was not substantially justified. Finally, I find that the failure to follow the rules as described above, and the filing of a motion that is not substantially justified, is the fault of plaintiffs' counsel, not the plaintiffs' themselves. Pursuant to FED. R. CIV. P. 37(a)(5)(B), plaintiffs' counsel will be required to pay the reasonable expenses Deputy Coggins' incurred in opposing the motion, including attorney's fees.

IT IS THEREFORE ORDERED that

A. Plaintiffs Wrongful Death Estate of Miguel Gonzalez and Joanna Rodriguez's Motion to Compel (Doc. 68) is DENIED; and

B. Deputy Coggins will submit a cost bill for the reasonable expenses he incurred in opposing plaintiffs' motion to compel, including attorney's fees, no later than November 8, 2018. Plaintiffs will file any objections or otherwise respond to Deputy Coggins' cost bill no later than November 26, 2018.

_____
Laura Fashing
United States Magistrate Judge